

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-16-00333-CV

**IN RE** Cleo **BUSTAMANTE**, Jr.

Original Mandamus Proceeding[1]

Opinion by:      Marialyn Barnard, Justice
Dissenting Opinion by:  Rebeca C. Martinez, Justice, joined by Luz Elena D. Chapa, Justice
Dissenting Opinion by:  Luz Elena D. Chapa, Justice

Sitting en banc:  Sandee Bryan Marion, Chief Justice
              Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Jason Pulliam, Justice

Delivered and Filed:  November 23, 2016

I dissent from the granting of en banc consideration.  Rule 41.2(c) provides the legal standard for determining whether en banc consideration should be granted.  TEX. R. APP. P. 41.2(c).

The rule provides, in relevant part:

> (c) *En Banc Consideration Disfavored.* En banc consideration of a case is not favored and should not be ordered *unless necessary* to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration.

---

[1] This proceeding arises out of Cause No. 12-05-27517, styled *Roberto Fernandez and Maria Imelda Flores v. Abaco Consultants, Inc., et al.*, pending in the 365th Judicial District Court, Maverick County, Texas, the Honorable Amado J. Abascal, III presiding.

*Id.* (emphasis added). Here, the court's opinions in *Taymax*[2] and *Caterpillar,*[3] respectively, do not conflict with any prior precedent of this court or with this case. Nor did the panel majority in either opinion commit any error of such magnitude that it amounted to an "extraordinary circumstance" requiring en banc review.

To the contrary, it appears that the en banc majority here simply disagrees with the panel majority's holding in *Taymax* that mandamus relief was not warranted because the relators failed to establish the lack of an adequate remedy at law. 2014 WL 1831100, at \*1. Such a disagreement, however, does not meet the elevated en banc standard:

> The standard for en banc consideration is not whether a majority of the en banc court may disagree with all or a part of a panel opinion. Neither is an assertion that an issue is "important" sufficient. Rather, when there is no conflict among panel decisions, the existence of "extraordinary circumstances" is required before en banc consideration may be ordered.

*Fazio v. Cypress/GR Houston I, L.P.*, 403 S.W.3d 390, 411-12 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (Jennings, J., dissenting from granting of en banc consideration) (citing *Thompson v. State,* 89 S.W.3d 843, 856 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (Jennings, J., concurring in denial of en banc consideration)).

In *Taymax*, the panel majority denied mandamus relief because the *Taymax* relators "failed to establish the lack of an adequate remedy at law with respect to the trial court's denial of leave to designate Masaki as a responsible third party." 2014 WL 1831100, at \*1; *see also In re Caterpillar*, 2009 WL 5062324, at \*1. *Taymax* did not hold, as the en banc majority states, "that mandamus relief is not available for the denial of a motion for leave to designate a responsible

---

[2] *In re Taymax Fitness, LLC*, No. 04-14-00119-CV, 2014 WL 1831100 (Tex. App.—San Antonio May 7, 2014, orig. proceeding) (mem. op.).

[3] *In re Caterpillar, Inc.*, No. 04-09-00796-CV, 2009 WL 5062324 (Tex. App.—San Antonio Dec. 23, 2009, orig. proceeding) (mem. op.).

third party because the moving party has an adequate remedy by appeal." *In re Bustamante*, No. 04-16-00333-CV, slip op. at 8 (Tex. App.—San Antonio Nov. 23, 2016, orig. proceeding). Every case is distinguishable by its own facts. *Compare In re Greyhound Lines, Inc.,* No. 05-13-01646-CV, 2014 WL 1022329, at *3-4 (Tex. App.—Dallas Feb. 21, 2014, orig. proceeding) (mem. op.) ("On this record, in this case," defendant not already a defendant) *with Taymax,* 2014 WL 1831100, at *1 (Masaki already a named defendant), *and Bustamante*, No. 04-16-00333-CV, slip op. at 2 (responsible third parties not named as defendants when suit filed one day before limitations expired). As the en banc majority admits, "The decision whether there is an adequate remedy on appeal 'depends heavily on the circumstances presented.'" *In re Bustamante*, No. 04-16-00333-CV, slip op. at 9 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 137 (Tex. 2004) (orig. proceeding)). Neither *Taymax* nor *Bustamante* hold that no adequate relief by appeal is ever available from the denial of a motion to designate responsible third parties. If *Bustamante* is intended to so hold, such is a determination yet made by a higher court, and nothing in *Prudential* suggests an appeal from the denial of a timely motion for leave to designate responsible third parties is always inadequate. None of our sister courts presume to so hold, and neither should this court.

Thus, because there is neither a conflict between panel decisions nor the existence of "extraordinary circumstances" requiring en banc consideration, I therefore dissent from the granting of en banc consideration.

Rebeca C. Martinez, Justice